UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA

- against -

EDWIN DIAZ,

                Defendant.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/11

**ORDER**

99 CR 1193-17 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Defendant Edwin Diaz, proceeding pro se, moves pursuant to 18 U.S.C. § 3583(e) to terminate the remaining portion of his eight-year period of supervised release. *See* Motion for Termination of Supervised Release ("Def. Mot."). On October 5, 2000, a jury convicted Diaz on Count One, conspiracy to distribute cocaine. On January 29, 2001, Diaz was sentenced to 120 months in custody, to be followed by an eight-year period of supervised release. Diaz has served the custodial portion of his sentence and completed his second year of supervised release on or about March 5, 2011. The Government opposes defendant's request for early termination of supervised release.

        Diaz does not support his request for early termination with any examples of how he is leading a productive and law-abiding life. The mere fact that defendant has not violated any of the terms of his supervised release is insufficient, in itself, to justify an early termination of supervised release. "Model

prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."[1]

Here, Diaz has served only a fraction of his total period of supervised release. Although, presumably, he has been leading a law-abiding and productive life, he has not done anything above and beyond what is expected of a person on supervised release. Accordingly, defendant's motion for early termination of supervised release is denied, with leave to renew at a more appropriate time in the future. The Clerk of the Court is directed to file defendant's Motion for Termination of Supervised Release, attached, and then close the motion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 14, 2011

---

[1] *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (holding that defendant's post-incarceration activities were "commendable" but "expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents").

- Appearances -

**Defendant (Pro Se):**

Edwin Diaz
845 Virginia Woods Lane
Orlando, FL 32824

**For the Government:**

Andrea L. Surratt
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2493

IN THE UNITED STATES DISTRICT COURT

EDWIN DIAZ

    Petitioner,

UNITED STATES OF AMERICA

    Respondent

CIVIL NO: S1 99 Cr. 1193-17
      AGS

MOTION FOR TERMINATION OF
OF SUPERVISED RELEASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)(1)

NOW COMES, the Petitioner who files this Memorandum of Law in Support of Motion for Early Termination of Supervised Release, and pursuant to Tannenbaum v U.S., 148 F.3d 1262; "Pro se pleadings are held to a less stringent standard then pleadings drafted by attorneys and will, therefore, be liberally construed."

### AUTHORITY

UNDER THE AUTHORITY provided them pursuant to 18 U.S.C. § 3583(e)(1), a United States District Court has discretionary power to terminate a term of supervised release after the satisfactory completion of one (1) year. The authority applies to any term of supervised release, regardless of length.

### MEMORANDUM

TITLE 18 U.S.C. § 3583(e)(1) and the Courts discretionary authority were made part of the original changes in post-conviction

supervision brought on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided as part of the Anti-Drug Abuse Act (ADAA), § 3583(a) was amended to reflect discretion provided in § 3583(e)(1).

THE ADAA also amended § 3583(a) to include the requirement that if a Court is to impose a sentence of imprisonment, that Court must "include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute." The ADAA, however, did not amend the Courts discretionary authority to terminate or modify supervised release under § 3583(e)(1). In the mind of Congress, as expressed in the plain language of the statutes...the sentencing phase is different than post-sentence modification.

SEEN AS two separate chronological phases, the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict, as "[n]either statute prohibits the other from working." In <u>Gallenstein v U.S.</u>, 975 F.2d at 291 continues to state: "When two statutes are capable of co-exisitence, it is the duty of the courts...to regard each as effective." Therefore in the absence of clear Congressional expression to the contrary, a court must give effect to both statutes. Even though the Court had to sentence the Petitioner to a mandatory term of supervised release, it still has the subsequent authority to terminate a Petitioner's term of supervised release and discharge the Petitioner after one (1) year of satisfactory completion. In <u>US v Spinelle</u>, 41 F.3d 1056, to wit; "The government

however, again confuses sentencing with post-sentence modification. The District Court did not "resentence" Spinelle; the District Court simply "modified" Spinelle's original sentence pursuant to 18 U.S.C. § 3583(e)(1)."

**RECENT ANALOGOUS** cases also support the Petitioners position. In Gozlon-Peretz, 111 S.Ct 840, the Supreme Court stated: "[T]he reasonable assumption is that when Congress adopted the ADAA and used the term Supervised Release, it knew of the full definition in the existing Sentencing Reform Act and legislated with reference to it". If Congress had intended to exempt mandatory terms of supervised release from the District Courts terminating authority under § 3583(e)(1), it could have done so explicitly when they amended § 3583(e)(1), however, it did not change the District Courts authority. [In Gozlon, the quote is found on P848]

**WHEREFORE**, Petitioner prays this Honorable Court, pursuant to its discretionary authority under 18 U.S.C. § 3583(e)(1), will terminate term of supervised release.

Respectfully submitted,

_____
Pro Se Petitioner

## CERTIFICATE OF SERVICE

**THIS SHALL CONFIRM** that the undersigned has filed a copy of the attached Memorandum of Law In Support of Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583 (e) (1) by placing it in the U S Mail with the correct postage applied thereto and addressed as follows:

Office of the U S Attorney
One St. Andrews Plaza
New York, NY 10007

Executed on this 24 day of February, 2011, By:

_____
Edwin Diaz
845 Virginia Woods Lane
Orlando, FL 32824

SARA REYES
MY COMMISSION # DD 979826
EXPIRES: May 20, 2014
Bonded Thru Budget Notary Services

5/20/14

State of Florida
Orange County

-4-